**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RYAN PHILYAW, : | |
| : | Civil Action No. 06-6137 (SRC) |
| Plaintiff, : | |
| : | |
| v. : | |
| : | **O P I N I O N** |
| SGT. BYNUM, et al., : | |
| : | |
| Defendants. : | |

**APPEARANCES:**

> RYAN PHILYAW, #193603C, Plaintiff Pro Se
> Riverfront State Prison
> P.O. Box 9104
> Camden, New Jersey  08101

**CHESLER**, District Judge

Plaintiff Ryan Philyaw, a prisoner incarcerated at Riverfront State Prison, seeks to file a Complaint alleging violation of his constitutional rights, pursuant to 42 U.S.C. § 1983. Having thoroughly reviewed Plaintiff's allegations, the Court will grant prisoner in forma pauperis status pursuant to 28 U.S.C. § 1915 and dismiss the Complaint for failure to state a claim upon which relief may be granted. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1).

### I. BACKGROUND

Plaintiff sues six police officers for violation of his constitutional rights under 42 U.S.C. § 1983, i.e., Sgt. Bynum and Detectives Mollet, Faulkner, Weber, Nunez and DelaCruz. The following facts are contained in Plaintiff's factual allegations, the police report and various other attachments to the Complaint. On January 9, 2004, Superior Court Judge Michael A. Pertolle

reviewed a search warrant affidavit and approved a search warrant authorizing police to enter and search the first floor left apartment located at 263 Seymour Avenue, Newark, New Jersey. Defendant police officers executed the search warrant on Friday, January 16, 2004, by breaching the entrance after there was no response to a knock and ringing of the doorbell. When the police entered the apartment, they found Ernestina McKoy, Plaintiff's mother, and Ronnie Mills. In searching the rear bedroom at the end of the hallway, the police found what appeared to be (and was later identified as) 11 bags of cocaine. Mrs. McKoy informed the police that Plaintiff occupied the bedroom where the cocaine was found. Plaintiff thereafter arrived at the apartment. In response to questioning, Plaintiff stated that his room was the rear bedroom and he stated that the cocaine was his. The police then arrested Plaintiff and read him his Miranda rights. After Plaintiff arrived at the police station, he gave a voluntary statement that the drugs found in the bedroom belonged to him. The police then charged him with possession of cocaine and Plaintiff was incarcerated. On May 27, 2005, Judge Kennedy dismissed the charges. Plaintiff seeks compensatory damages for false arrest, illegal search and seizure, and false imprisonment.

## II. LEGAL STANDARD FOR SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A. The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on

2

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Id.

A pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990). "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); see also Alston v. Parker, 363 F.3d 229, 233 n.6 (3d Cir. 2004).

### III. DISCUSSION

Federal courts are courts of limited jurisdiction. See Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884). "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986). A district court may exercise jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority." U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331.

Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal constitutional rights by a person who was acting under

color of state law.[1]  To recover under 42 U.S.C. § 1983, a plaintiff must show two elements:  (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970).

A.  Statute of Limitations

Plaintiff seeks damages for false arrest and illegal search and seizure, in violation of his Fourth Amendment rights and 42 U.S.C. § 1983.  The statute of limitations on civil rights claims is governed by New Jersey's two-year limitations period for personal injury.  See Wilson v. Garcia, 471 U.S. 261, 276 (1985); O'Connor v. City of Newark, 440 F.3d 125, 126-27 (3d Cir. 2006); Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998); Cito v. Bridgewater Township Police Dept., 892 F.2d 23, 25 (3d Cir. 1989).  This statute requires that "an action for an injury to the person caused by a wrongful act, neglect, or default, must be convened within two years of accrual of the cause of action."  Cito, 892 F.2d at 25 (quoting Brown v. Foley, 810 F.2d 55, 56 (3d Cir. 1987)).  Under federal law governing the accrual of § 1983 claims, "the limitations period begins to run from the time when the plaintiff knows or has reason to know of

---

[1] Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

4

the injury which is the basis of the section 1983 action." Montgomery, 159 F.3d at 126 (quoting Genty v. Resolution Trust Corp., 937 F.2d 899, 919 (3d Cir. 1991)); see also Sameric Corp. of Del., Inc. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998).

In this case, Plaintiff alleges that Defendants violated his Fourth Amendment rights by searching his bedroom and arresting him for possession of cocaine on January 16, 2004. The limitations period on Plaintiff's false arrest claim and search and seizure claim accrued on the date of the arrest and search.[2] See Montgomery, 159 F.3d at 126. The statute of limitations on Plaintiff's Fourth Amendment claims began to run on January 16, 2004, when the act of wrongdoing allegedly occurred, and expired on January 15, 2006, before Plaintiff executed this Complaint on December 13, 2006. Thus, it is apparent from the face of the Complaint that Plaintiff's Fourth Amendment claims are time-barred.

The question remains as to whether this Court may dismiss this claim sua sponte under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) as time-barred. The statute of limitations is an affirmative defense that must generally be pleaded and proved by the defendants. See Bethel v. Jendoco Const. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978) (statute of limitations on civil rights claim is an affirmative defense). While a plaintiff is not required to plead that the claim has been brought within the statute of limitations, Ray v. Kertes, 285 F.3d 287, 297 (3d Cir. 2002), it is established in this circuit that a civil rights claim may be dismissed as time-barred on defendant's

---

[2] However, this rule does not apply when a plaintiff brings a § 1983 action that, if successful, would demonstrate that the plaintiff's underlying criminal conviction or imprisonment is invalid. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Gibson v. Superintendent of N.J. Dep't of Law & Public Safety, 411 F.3d 427, 435 (3d Cir. 2005). In that situation, the cause of action does not arise until the conviction or sentence is invalidated, and the statute of limitations does not begin to run until the time of such invalidation. Heck, 512 U.S. at 489; Gibson, 411 F.3d at 435.

motion to dismiss where "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Bethel, 570 F.2d at 1174 (citation omitted). The Court explained the Third Circuit rule in the following passage:

> Under Fed.R.Civ.P. 8(c), the statute of limitations constitutes an affirmative defense to an action. Under the law of this and other circuits, however, the limitations defense may be raised on a motion under Rule 12(b)(6), but only if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations . . . . If the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6).

Id. (citations and internal quotation marks omitted).

The Third Circuit has not considered whether a district court may sua sponte dismiss a claim as time-barred under 28 U.S.C. § 1915A(b) where the time-bar is apparent on the face of the Complaint, but several federal circuits have permitted sua sponte dismissal under these circumstances. See, e.g., Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995); Pino v. Ryan, 49 F.3d 51 (2nd Cir. 1995); Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993); Myers v. Vogal, 960 F.2d 750, 751 (8th Cir. 1992); Street v. Vose, 936 F.2d 38 (1st Cir. 1991). As the Fifth Circuit explained:

> Although the defense of limitations is an affirmative defense, which usually must be raised by the defendants in the district court, this court has held that the district court may raise the defense sua sponte in an action proceeding under 28 U.S.C. § 1915 . . . Thus, where it is clear from the face of a complaint filed in forma pauperis that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed pursuant to § 1915(d).

Gartrell, 981 F.2d at 256 (citations omitted).[3]

This Court holds that <u>sua sponte</u> dismissal is appropriate on statute of limitations grounds if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." <u>Bethel v. Jendoco Const. Corp.</u>, 570 F.2d at 1174 (citation omitted). Applying this standard, the Court finds that dismissal of Complaint is warranted because it is clear from the face of the Complaint that Plaintiff's claims are time-barred.

### IV. CONCLUSION

For the reasons set forth above, the Court dismisses the Complaint. An appropriate Order accompanies this Opinion.

_____
**STANLEY R. CHESLER, U.S.D.J.**

Dated: _____, 2007

---

[3] Section 1915(d) is the predecessor to § 1915(e)(2)(B).